Shawn **HENLINE,** Plaintiff and Appellant,

v.

Samuel W. **SMITH,** Warden, Utah State
Prison, Defendant and Respondent.

No. 14264.

Supreme Court of Utah.

April 21, 1976.

Robert Felton, of O'Connell & Stansfield, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for defendant-respondent.

ELLETT, Justice:

The petitioner was originally charged with the crime of robbery. He and his counsel entered into a plea bargaining deal with the prosecutor as shown by the following parts of the record:

THE COURT: The record may show that this is the time set for trial in connection with State of Utah versus Shawn Henline, Criminal No. 25559. The record may show that defendant is present in court in person, also he is represented by, with and through his attorney of record, Mr. Brown, and that the State of Utah is present through the Assistant County Attorney, Mr. Hyde.

What is your pleasure at this time?

MR. HYDE: Your Honor, at this time I think counsel has discussed a plea with the defendant, Mr. Henline; they

are prepared to enter a plea to a third degree felony. In this case, the offense would be theft, attempted theft of property from the person of Mrs. Mary Lawrence, which would make that an offense under the new code a third degree felony.

THE COURT: Does it have to be over, in value over One Hundred Dollars?

MR. HYDE: There would be no value issue if it was from the person.

THE COURT: All right.

MR. HYDE: And I think counsel would stipulate that that is an included offense within the crime alleged in the offense.

MR. BROWN: Yes, it is.

In the course of a lengthy examination of the defendant (petitioner herein) the following statements were made:

MR. BROWN: Mr. Henline, have I discussed this matter with you today and yesterday concerning the plea to this lesser, included offense with the theft of property from the person of Mrs. Lawrence?

MR. HENLINE: Yes.

MR. BROWN: And you've, it has been explained to you the possibility of a sentence on this particular charge is up to five years in the Utah State Prison, is that correct?

MR. HENLINE: Yes.

\*　\*　\*　\*　\*　\*

THE COURT: The court finds from the interrogation from this defendant on the record by his attorney that he is fully advised of his various rights that he is giving up by taking this course of action, and further, the court finds that he is doing so on a free and voluntary basis and of his own free choice and will, not being under any threat or duress from any person or persons whomsoever.

Therefore, what, then, is your plea to the lesser, included offense of theft of property from the person—

MR. HYDE: Attempted theft of property.

THE COURT: Excuse me, attempted theft.

MR. HYDE: He asked you.

THE COURT: What is your plea?

MR. HENLINE: Guilty.

THE COURT: The plea of guilty may be entered.

■ It is obvious that the plea of guilty was made to the included offense of attempted theft of property from the person of the complaining witness and not simply a plea to a charge of attempted theft.

Section 76–1–103(2), U.C.A.1953, as amended Pocket Supp.1975, provides that for any offense committed prior to the effective date of the amendment the old law would govern, except that any limitation on punishment would be applied to a case tried or retried after the effective date of the amendment.

The alleged robbery occurred prior to the new statute although the plea of guilty was not entered until after the new law was in effect. Therefore, the penalty for robbery in this case would be a term of prison of not less than one nor more than 15 years.[1]

The punishment for theft from the person of another is the same as that for robbery[2]. The attempt to commit theft from the person of another is an indeterminate term in prison not exceeding five years. The penalty for ordinary theft varies depending upon the value of the property stolen.[3]

---

1. 76–3–203(2), U.C.A.1953, Vol. 8, as amended by Pocket Supp.

2. 76–6–412(a)(iv), U.C.A.1953, Vol. 8, as amended by Pocket Supp.

3. 76–6–412, U.C.A.1953, Vol. 8, Pocket Supp.

There was no evidence before the court as to the value of the property attempted to be stolen as per the plea, and no value needed to be given. However, the court in its sentence stated:

> The judgment and sentence of this Court is that you, Shawn Henline be confined and imprisoned in the Utah State Prison for the indeterminate term as provided by law for the crime of Attempted Theft (Third Degree).

The petitioner herein took no appeal from the sentence, but filed his petition for a writ of habeas corpus which was denied by the trial court. He has appealed that ruling and claims error in that for theft of property valued at less than $100 his maximum sentence could not be in excess of six months.

There is no merit to this claim as it clearly appears that he entered a plea to the included offense of attempted theft from the person of another.

He also claims that at the time of sentencing he requested permission to withdraw his guilty plea. The granting or refusing to permit the withdrawal of a guilty plea is a matter which lies in the sound discretion of the trial judge, and we see no abuse of discretion in that matter. In addition, that matter was one to be raised on appeal and not by way of habeas corpus.

The appellant here entered a plea of guilty to the charge of attempted theft from the person of another and received the correct sentence for that crime. The judgment of the trial court in this matter is therefore affirmed. However, the court should amend the commitment so as to reflect correctly the crime for which Mr. Henline was sentenced.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.